DECISION AND JUDGMENT ENTRY
This case is before the court as an accelerated appeal from the Lucas County Court of Common Pleas, which granted summary judgment to appellee Joseph Hanley. For the reasons that follow, we find that the decision of the Lucas County Court of Common Pleas must be affirmed.
Appellant Coletta Johnson contends that appellee is liable to her as a harborer of the dog that injured her. Appel lee is the landlord of the dog's owners. A person is a "har borer" within the meaning of R.C. 955.28
when that person has "possession and control over the premises where the dog lives." (Emphasis omitted.) Godsey v. Franz (Mar. 13, 1992), Williams App. No. 91WM000008, unreported, jurisdictional motion overruled (1992), 64 Ohio St.3d 1443. Generally, a lease transfers posses sion and control of leased premises to the lessee. Flint v. Holbrook (1992),80 Ohio App.3d 21, 25. Therefore, a landlord is not liable as a harborer unless the landlord permitted the dog to roam in common areas. Id.;Godsey, supra. In this case, the dog was not roaming in common areas. Therefore, appellee is not liable to appellant as a harborer,[1] and appellant's sole assignment of error is found not well-taken.
Upon consideration whereof, we find that substantial justice has been done the party complaining, and the decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Richard W. Knepper, J., George M. Glasser, J. CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant's two-count complaint alleges liability under R.C. 955.28
(Count 1) and R.C. 955.22 (Count 2). In her brief, appellant suggests that she also has a common law negligence claim against appellee. We do not read appellant's complaint as stating a claim for anything other than the statutory provisions cited above.